**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| )<br>IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER AUTHORIZING THE )<br>INSTALLATION AND USE OF PEN )<br>REGISTER AND TRAP AND )<br>TRACE DEVICES ON WHATSAPP )<br>ACCOUNTS 52-6674175194 )<br>AND (346) 348-8479 )<br>) | No.  20-<br><br>**Filed Under Seal – Level II** |

APPLICATION

The United States of America, moving by and through Assistant United States Attorney

John J. Kennedy, its undersigned counsel, respectfully submits under seal this *ex parte* application

for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen

registers and trap and trace devices ("pen/trap device") to record, decode, and/or capture dialing,

routing, addressing, and signaling information associated with each communication to and from

the WhatsApp, Inc. ("WhatsApp") accounts 52-6674175194 ("Subject Account 1"), with

unknown subscriber information believed to be used by Jhon Albeiro Parada-Ramirez

("PARADA-RAMIREZ") and (346) 348-8479 ("Subject Account 2") (collectively the "Subject

Accounts") with unknown subscriber information believed to be used by Francisco Valdez-Aybar

("VALDEZ-AYBAR").  In support of this application, the United States asserts:

1.      This is an application, made under 18 U.S.C. § 3122(a)(1), for orders under 18

U.S.C. § 3123 authorizing the installation and use of pen registers and trap and trace devices.

2.      Such an application must include three elements: (1) "the identity of the attorney

for the Government or the State law enforcement or investigative officer making the

application"; (2) "the identity of the law enforcement agency conducting the investigation"; and

(3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency."  18 U.S.C. § 3122(b).

3.      The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.      The law enforcement agency conducting the investigation is the Drug Enforcement Administration ("DEA"). The DEA is being assisted in this investigation by other state, local and federal investigative agencies.  The DEA, working with the United States Attorney's Office for the District of New Hampshire, is investigating possible violations of federal criminal laws.

5.      The applicant hereby certifies that the information likely to be obtained by the requested pen/trap devices is relevant to an ongoing criminal investigation of a drug trafficking organization ("DTO") that is being conducted by the DEA.

6.      This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2).  Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated." 18 U.S.C. § 3127(2)(A)(i).

ADDITIONAL INFORMATION

7.      Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.  The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.      A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted."  18 U.S.C. § 3127(3).  A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication."  18 U.S.C. § 3127(4).

9.      In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls.  Similar principles apply to communications sent over the Internet, as described below.

10.      WhatsApp is a United States company that provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that permits users to send and receive messages and calls.  WhatsApp also permits users of its smartphone application to access their WhatsApp accounts via a desktop or laptop computer.

11.      The smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users.  It also permits users to engage in real-time voice and video calls and to set up and participate in group chats.  Messages and calls sent through WhatsApp Messenger are transmitted over the Internet via WhatsApp servers located in the United States.  A user may use a cellular provider's data network or another data connection (such as a home wireless router or a public wireless hotspot) to which the user's device is connected to connect to and send messages via WhatsApp Messenger.

12.      Users of WhatsApp Messenger can also access their WhatsApp accounts via a computer using a desktop application or via an Internet browser.  The computer-based WhatsApp

service offers similar functionality to the smartphone-based application, including the ability to send and receive text messages, video messages, and files such as photos.

13.     Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address.  This number is used to route information between devices.  Generally, when one Internet-connected device (such as a smartphone or laptop) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's WhatsApp account), the requesting device specifies its own IP address so that the responding device knows where to send its response.  An IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the identity of the communicating device without revealing the communication's content.

14.     Each WhatsApp account has a unique account identifier in the form of the telephone number of the mobile phone upon which the user has installed the WhatsApp Messenger application.  These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive.  These telephone numbers, which also function as WhatsApp account identifiers, can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's content.

<u>THE RELEVANT FACTS</u>

15.     The United States government, including the DEA, is investigating a group of individuals who are believed to be involved in the distribution of large quantities of controlled substances, including fentanyl and cocaine.  The investigation relates to drug trafficking activities of multiple individuals who appear to be operating in northern Massachusetts and southern New

Hampshire. The investigation concerns possible violations of, *inter alia*, 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

16.     Through this investigation, agents have confirmed that VALDEZ-AYBAR and his co-conspirators use multiple telephones to facilitate their drug trafficking activities. Specifically, agents identified cellular telephone number (978) 397-6806 (hereafter referred to as "TT-4") as a phone used by VALDEZ-AYBAR.  On August 26, 2020, the DEA received court authorization to intercept wire communications over three target telephones for thirty days, including over TT-4. Interception began on August 26, 2020, and ended on September 25, 2020. Through intercepted communications over TT-4, investigators identified a potential source of supply for VALDEZ-AYBAR utilizing (914) 310-6127 (hereinafter referred to as "Delacruz-Diaz Phone").  DEA agents have determined that this number is being used by a subject identified as Manuel DELACRUZ-DIAZ  (DELACRUZ-DIAZ).    Through  intercepted  calls  over  TT-4,  agents  learned  that DELACRUZ-DIAZ uses the Delacruz-Diaz Phone to conduct his drug trafficking, and specifically offered  VALDEZ-AYBAR  large  quantities  of  drugs  for  sale.  Through  a  separate  narcotics investigation, investigators identified (978) 828-4247 (hereafter referred to as "TT-6") as another phone number used by DELACRUZ-DIAZ, and were able to determine that TT-6 is also being used for drug trafficking purposes.  Through toll analysis, agents have learned that TT-6 is in contact with Subject Account 1, which is a Mexican phone number, and also a money launderer known by agents to be operating out of Los Angeles, CA.  Furthermore, agents have learned that Subject Account 1 is in contact with the same money launderer.  Through commercial database searches agents believe that Subject Account 1 is used by PARADA-RAMIREZ.  Agents have further determined through commercial database searches that numerous money orders have been sent from subjects in the United States to PARADA-RAMIREZ in Sinaloa, Mexico.  Investigators

believe that communications relating to the offenses under investigation have been and continue to be made over WhatsApp account associated with Subject Account 1.

17.     Intercepted calls over TT-3, a target telephone subject to the August 26, 2020 interception order, revealed that VALDEZ-AYBAR had ceased using TT-4 for drug activities and had begun using Subject Account 2 to facilitate his drug trafficking activities.  Specifically, VALDEZ-AYBAR was intercepted arranging to provide drugs to another drug dealer who was utilizing TT-3. Investigators believe that communications relating to the offenses under investigation have been and continue to be made over WhatsApp account associated with Subject Account 2.

18.     The conduct being investigated involves use of the WhatsApp account(s) described herein.  To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).  The pen/trap devices sought to be installed and used pursuant to the order resulting from this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described herein, including:

- the source and destination WhatsApp account(s);

- the date, time, and duration of the communication; and

- IP address used in conjunction with the communication, including IP address associated with access to the target WhatsApp account(s).

<u>GOVERNMENT REQUESTS</u>

19.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture

the dialing, routing, addressing, and signaling information associated with each communication

to or from the Subject Accounts, including source and destination WhatsApp account, the date,

time, duration of the communication, and Internet Protocol address, including Internet Protocol

address associated with access to the target WhatsApp account(s), without geographic limit.  The

United States does not request and does not seek to obtain the contents of any communications,

as defined in 18 U.S.C. § 2510(8).

20.     The United States further requests that the Court authorize the foregoing

installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18

U.S.C. § 3123(c)(1).

21.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and

3124(a)-(b), that the Court order WhatsApp and any other person or entity providing wire or

electronic communication service in the United States whose assistance may facilitate execution

of this Order to furnish, upon service of the Order, information, facilities, and technical

assistance necessary to install the pen/trap device, including installation and operation of the

pen/trap devices unobtrusively and with minimum disruption of normal service.  Any entity

providing such assistance shall be reasonably compensated by the DEA pursuant to 18 U.S.C. §

3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of

this Order.

22.     The United States further requests that the Court order WhatsApp and any other

person or entity whose assistance may facilitate execution of this Order provide prior notice to

the applicant and the DEA before terminating or changing service to the Subject Accounts.

23.     The United States further requests that the Court order that the DEA and the

applicant have access to the information collected by the pen/trap devices as soon as practicable,

twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

24.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

25.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

26.     The United States further requests that the Clerk of the Court provide the United States Attorney's Office with a certified copy of this application and any Order, and three copies of this Order to the DEA and WhatsApp upon request.

27.     The foregoing is based on information provided to me in my official capacity by agents and task force officers of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2020.                            Respectfully submitted,

                                                   SCOTT W. MURRAY
                                                   United States Attorney

                                   By:     /s/ John J. Kennedy
                                           John J. Kennedy
                                           Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |
|---|
| ) |

IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR   )        **No.  20-**
AN ORDER AUTHORIZING THE          )
INSTALLATION AND USE OF PEN      )        **Filed Under Seal – Level II**
REGISTER AND TRAP AND               )
TRACE DEVICES ON WHATSAPP     )
ACCOUNTS 52-6674175194              )
AND (346) 348-8479                         )

**ORDER**

Assistant United States Attorney John J. Kennedy, on behalf of the United States, has

submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue

an Order authorizing the installation and use of pen register and trap and trace devices ("pen-trap

devices") on the WhatsApp Inc. ("WhatsApp") electronic messaging service accounts 52-

6674175194 and (346) 348-8479 (the "Subject Accounts") believed to be used by by Jhon

Albeiro Parada-Ramirez ("PARADA-RAMIREZ") and Francisco Valdez-Aybar ("VALDEZ-

AYBAR") respectively.

The Court finds that an attorney for the government has submitted the application and has

certified that the information likely to be obtained by such installation and use is relevant to an

ongoing criminal investigation that is being conducted by the Drug Enforcement Administration

("DEA") of individuals including PARADA-RAMIREZ, VALDEZ-AYBAR, and others in

connection with possible violations of 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that pen-trap devices

may be installed by WhatsApp and the DEA to record, decode, and/or capture all non-content

dialing, routing, addressing, and signaling information associated with each communication to or

from the Subject Accounts, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the Subject Account;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty (60) days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the DEA reasonably compensate WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the DEA of any changes relating to the Subject Accounts, including changes to subscriber information, and to provide prior notice to the DEA before terminating or changing service to the Subject Accounts;

IT IS FURTHER ORDERED that the DEA and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the DEA, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents

and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, except as necessary to effectuate this Order, unless and until otherwise ordered by the Court except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with a certified copy of this application and Order, and shall provide copies of this Order to the DEA and WhatsApp upon request;

IT IS FURTHER ORDERED that this Order remain sealed until further order of the Court pursuant to 18 U.S.C. § 3123(d)(1).


_____                    _____
Date                                    Andrea K. Johnstone
                                        United States Magistrate Judge